UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on February 15, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 22-MJ-125 |
| | : | |
| MALIK R. SHELTON, | : | VIOLATIONS: |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| Defendant. | : | (Unlawfully Possession with Intent to |
| | : | Distribute Fentanyl) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Cocaine Base) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 981(a)(1)(C); |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); |
| | : | and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about May 27, 2022, within the District of Columbia, **MALIK R. SHELTON**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Fentanyl**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

**COUNT TWO**

On or about May 27, 2022, within the District of Columbia, **MALIK R. SHELTON**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

**(Unlawful Possession with Intent to Distribute Cocaine Base**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about May 27, 2022, within the District of Columbia, **MALIK R. SHELTON**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case No. 2019-CF2-010007, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 19, 9 millimeter semi-automatic handgun, serial number BCKB643, and did unlawfully and knowingly receive and possess ammunition, that is, 9 millimeter ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including, but not limited to, proceeds stemming from Count One, including approximately $756 in U.S. Currency.

2. Upon conviction of the offense alleged in Count Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Glock 19, 9 millimeter semi-automatic handgun, serial number BCKB643, with an extended high capacity magazine, and 31 rounds of 9 millimeter ammunition.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves*
Attorney of the United States in
and for the District of Columbia.